IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHANE V. HENRY, | ) | No. C 12-1021 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL WITH** |
| | ) | **LEAVE TO AMEND** |
| v. | ) | |
| | ) | |
| CALIFORNIA DEPARTMENT OF | ) | |
| CORRECTIONS AND | ) | |
| REHABILITATION; BRIDGEWATER, | ) | |
| | ) | |
| Defendants. | | |
| _____ | | |

**INTRODUCTION**

Plaintiff, an inmate at the Alameda County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it with leave to amend within thirty days.

**DISCUSSION**

I.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Discussion

Plaintiff alleges that he was subject to psychological tests without his consent on three occasions while he was in county jail on parole violations.  Plaintiff describes one of these tests as involving hypnosis, but he does not describe the other tests.  Plaintiff names two defendants, a psychologist named Bridgewater, and the California Department of Corrections and Rehabilitation.  He does not allege any conduct by either of these Defendants, however, let how they were involved in his non-consensual psychological testing.  Liability may be imposed on an individual defendant under 42

2

U.S.C. § 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As Plaintiff has not done so, the complaint will be dismissed with leave to file an amended complaint in which Plaintiff alleges what conduct each Defendant engaged in that proximately caused a violation of his constitutional rights.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within **thirty (30) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 12-1021 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.</u>

2. As Plaintiff's claims are within his personal knowledge, and in light of both his prior opportunity to amend and the age of this case, only a minor extension of this deadline will be considered and will only be granted upon a showing by Plaintiff of good cause.

//

//

3

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  <u>April 24, 2012</u>

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHANE V HENRY,

        Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS et al,

        Defendant.

_____/

Case Number: CV12-01021 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shane V. Henry AQL236
Santa Rita Jail
5325 Broder Blvd.
Dublin, CA 94568

Dated: April 24, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk