IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE V. HENRY, ) | No. C 12-1021 JSW (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | |
| ) | |
| CALIFORNIA DEPARTMENT OF ) | |
| CORRECTIONS AND ) | |
| REHABILITATION; BRIDGEWATER, ) | |
| ) | |
| Defendants. | |

### INTRODUCTION

Plaintiff, an inmate at the Alameda County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff has filed an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it is DISMISSED for failure to state a cognizable claim for relief.

### DISCUSSION

I. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Discussion

In his original complaint, Plaintiff alleged that he was subject to psychological tests without his consent on three occasions while he was in county jail on parole violations.  The complaint was dismissed because Plaintiff did not allege any conduct whatsoever by either of the two named defendants – a psychologist named Bridgewater and the California Department of Corrections and Rehabilitation – let alone what role they might have played in any violation of his constitutional rights.  *See Leer v. Murphy*,

1   844 F.2d 628, 634 (9th Cir. 1988); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.
2   1998) (even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions,
3   that show that an individual was personally involved in the deprivation of his civil
4   rights."). Plaintiff was given leave to amend to cure this deficiency, and he was
5   cautioned that his failure to do so would result in the dismissal of this case.

6         Plaintiff's has filed an amended complaint that is frivolous. A claim is frivolous if
7   it is premised on an indisputably meritless legal theory or is clearly lacking any factual
8   basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Section 1915A affords judges
9   the unusual power to pierce the veil of the complaint's factual allegations and dismiss as
10  frivolous those claims whose factual contentions are clearly baseless. *Denton v.*
11  *Hernandez*, 504 U.S. 25, 32 (1992). Examples are claims, such as Plaintiff's in this case,
12  describing fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 328. A claim that is
13  totally incomprehensible may be dismissed as frivolous as it is without an arguable basis
14  in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

15        The amended complaint is largely unintelligible, replete with non-sequiturs, and at
16  times clearly lacking any credibility. It appears from that Plaintiff was under treatment
17  by mental health professionals because of his psychological problems and his status as a
18  Sexually Violent Predator. He alleges that Defendant Bridgewater and other mental
19  health professionals at San Quentin State Prison and the county jails hypnotized him. He
20  surmises that he was hypnotized because he woke up one morning and his "lips look[]
21  like water waves and after that my lips made this horse sound." (Amend. Compl. 3).
22  Plaintiff alleges that the hypnosis made his "head go back and forth real fast," that he
23  suffered "man's syndrome (AKA x-factor)," and that he underwent "sluggo therapy that
24  was done hypnosis sticks [sic]." (Amend. Compl. 2). He alleges that he "strain[ed]" on
25  the toilet and "felt something move back in place" in his head. (Amend Compl. at 3).
26  He also alleges that he underwent 15 neurosurgeries in March 2012. (Amend. Compl. at

4). These allegations, even when liberally construed, are either unintelligible or so preposterous and fantastical that they clearly lack any basis in fact. As a result, the amended complaint must be dismissed as frivolous. It is not clear how any of these allegations could be cured by amendment, and Plaintiff has already had the opportunity to amend his complaint. Consequently, further leave to amend will not be allowed.

## CONCLUSION

For the foregoing reasons, the instant complaint is DISMISSED. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: June 5, 2012

JEFFREY S. WHITE
United States District Judge

4

|    |    |
|----|----|
| 1  | UNITED STATES DISTRICT COURT |
| 2  | FOR THE |
| 3  | NORTHERN DISTRICT OF CALIFORNIA |

SHANE V HENRY,

      Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS et al,

      Defendant.
                                   /

Case Number: CV12-01021 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shane V. Henry AQL236  
Santa Rita Jail  
5325 Broder Blvd.  
Dublin, CA 94568  

Dated: June 5, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk  
By: Jennifer Ottolini, Deputy Clerk